IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**FILED**
99 DEC 29 AM 10: 39
U.S. DISTRICT COURT
N.D. OF ALABAMA

DWIGHT DAVID MARSHALL, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO. 97-S-0992-S
)
WARDEN JAMES DELOACH and )
THE ATTORNEY GENERAL FOR )
THE STATE OF ALABAMA, )
)
Respondents. )

**ENTERED**
DEC 29 1999

### MEMORANDUM OF OPINION

Dwight David Marshall ("the petitioner") filed a petition for a writ of habeas corpus challenging his 1992 murder conviction. The petitioner asserts that he is entitled to relief premised on three grounds: (1) the state court's denial of his motion to suppress his statements to law enforcement officers violated his due process and fair trial guarantees; (2) the evidence adduced at trial was insufficient to sustain his conviction; and, (3) his trial and appellate counsel were ineffective. On November 4, 1999, a magistrate judge of this court entered a "Report and Recommendation" that the case be dismissed with prejudice. The magistrate judge found that the petitioner's first two claims were due to be denied on the merits and his last claim was procedurally barred from review.

The matter is before the court on the objections to the

"Report and Recommendation" filed by the petitioner. (Doc. 24). In the first objection, the petitioner contests the magistrate judge's conclusion that his ineffective assistance of counsel claim is procedurally barred. In support of this objection, he states that the claim is not barred because the rule only applies in cases involving "firmly established and regularly followed State procedures," which is not the instance concerning the handling of ineffective assistance of trial counsel claims in the state courts. (*Id.*, p. 2). The petitioner cites to *Ex parte Ingram,* 675 So. 2d 863 (Ala. 1996), to establish the efficacy of his argument. He further asserts that his appellate counsel's failure to raise the claims related to the trial proceedings is cause for the default. Lastly, he challenges the Alabama Court of Criminal Appeals decision that he failed to adequately support his challenges to appellate counsel's actions. (*Id.*, p. 3).

In his second objection, the petitioner complains that the decision of the Court of Criminal Appeals affirming the admissibility of his statement is "not contrary to nor an unreasonable application of clearly established federal law, in light of the facts." (*Id.*, pp. 3-5).

In his third objection, the petitioner complains that the

2

magistrate judge improperly failed to conduct a hearing on the insufficiency of the evidence claim or to grant him relief because the prosecution failed to prove an essential element of the offense. Specifically, he claims the prosecution failed to establish that the murder occurred during the course of a kidnaping. (Id., pp. 5-6).

## I. DISCUSSION

### A. Procedural Default of the Ineffective Assistance Claim

It is well-settled that "Federal courts may not review a claim procedurally defaulted under state law if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief." *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir. 1996), *cert. denied*, 519 U.S. 1119 (1997), (citing *Harris v. Reed*, 489 U.S. 255, 260-61, 263, 109 S. Ct. 1038, 1042-43, 103 L. Ed. 2d 308 (1989)). However, "[a] state procedural rule cannot bar federal habeas review of a claim unless the rule is 'firmly established and regularly followed.'" *Id.*, at 923, *citing Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 857, 112 L. Ed. 2d 935 (1991) (quoting James v. Kentucky, 466 U.S. 341, 348, 104 S. Ct. 1830,

3

1835, 80 L. Ed. 2d 346 (1984)).

> There are only two exceptions to the procedural default
> rule. First, a petitioner may gain federal review of an
> otherwise procedurally defaulted claim if he can
> demonstrate both cause excusing the default and actual
> prejudice resulting from the bar. *Murray v. Carrier*,
> 477 U.S. 478, 485, 106 S. Ct. 2639, 2644, 91 L. Ed. 2d
> 397 (1986); *see Wainwright v. Sykes*, 433 U.S. 72, 87,
> 97 S. Ct. 2497, 2506, 53 L. Ed. 2d 594 (1977). Second,
> in extraordinary cases, a federal habeas court may
> grant the writ without a showing of cause and prejudice
> to correct a fundamental miscarriage of justice. *See
> Engle v. Isaac*, 456 U.S. 107, 135, 102 S. Ct. 1558,
> 1576, 71 L. Ed. 2d 783 (1982). To excuse a default of a
> guilt-phase claim under this latter standard, a
> petitioner must prove "a constitutional violation
> [that] has probably resulted in the conviction of one
> who is actually innocent." *Carrier*, 477 U.S. at 496,
> 106 S. Ct. at 2649 (1986).

*Hill*, 81 F.3d at 1022-23. The petitioner is not entitled to a hearing on the "issues of cause and prejudice or manifest injustice without first proffering specific facts which support a finding that one of these exceptions to the procedural default rule exists." *Id.*

The petitioner asserts that this court should not find his ineffective assistance of counsel claims to be procedurally barred because the Alabama Supreme Court has acknowledged that there have been procedural difficulties in the presentation and review of ineffective assistance of counsel claims in the Alabama state courts. To properly address the petitioner's claim, some

4

background is necessary.

In *Ex parte Jackson*, 598 So. 2d 895 (Ala. 1992), the Alabama Supreme Court reaffirmed the principle that ineffective assistance of counsel claims would not be considered for the first time on direct appeal. *Jackson*, 598 So. 2d at 897. The court next "encourage[d] [newly appointed appellate] counsel, whenever possible, to ascertain any possible defect in the process and to make an issue of that defect in an appropriate motion for a new trial." *Id.* The failure to raise such issues would result in a bar to the further presentation of the issues on appeal or in post-conviction proceedings. *Id.* The court then held that in order to facilitate the review of ineffective assistance of counsel claims, a trial judge is required to extend a defendant's time for filing a motion for a new trial if the defendant's newly appointed appellate counsel moves for an extension before expiration of the 30-day period allowed by Rule 24.1 of the *Alabama Rules of Criminal Procedure*.

Four years later, in *Ex parte Ingram*, 675 So. 2d 863 (1996), the Alabama Supreme Court stated:

> The purposes of the *Jackson* holding were very noble, and when the *Jackson* procedure was adopted, it seemed to be very well reasoned and relatively simple to apply. Since that time though, the application of

5

>    the *Jackson* procedure has caused innumerable problems
>    and has become a trap for the unwary, potentially
>    frustrating the presentation of some defendants'
>    ineffective-assistance-of-counsel claims, rather than
>    facilitating the presentation of those claims.
>
>       In *Musgrove v. State*, 659 So. 2d 229, 230 (Ala.
>    Cr. App. 1995), Judge Taylor, writing for the majority,
>    stated: "The application of *Jackson* has presented
>    numerous situations that have spawned problems, not
>    only for the trial courts and attorneys, but for this
>    court as well." The confusion and intractable problems
>    that have ensued following our holding in *Jackson* leave
>    the members of this Court no alternative to overruling
>    *Jackson*.

*Id.*, at 865. Although there may have been difficulties implementing *Jackson*, that does not necessitate a conclusion that the petitioner's claims are not procedurally barred in the present matter.

The petitioner was appointed new counsel after he was sentenced. His new counsel filed a timely motion for a new trial under *Jackson*. He alleged that trial counsel "handled [the petitioner's] case in an incompetent and ineffectual manner. Said incompetency was manifested by [d]efense counsel not subpoenaing certain police officers and certain prisoners that would have been critical to Defendant's case." Doc. 6, Ex. A, p. 105, ¶ 6). The petitioner thereafter filed a *pro se* motion to amend the motion for a new trial, alleging, *inter alia*,

6

ineffective assistance of trial counsel. The petitioner claimed (1) trial counsel did not object when the court denied his right to a public trial during the suppression hearing, (2) counsel did not request the testimony of a "fictional informant" or argue the validity of his arrest; and, (3) counsel refused to argue that he was improperly denied an attorney during the interrogation. The motions were denied by operation of law when the trial court did not rule on them within the sixty days allowed under the *Alabama Rules of Criminal Procedure*. See Ala. R. Crim. P. 24.4.

On direct appeal, counsel contended that the petitioner was denied effective assistance of counsel due to his failure to object to the admission of evidence of the petitioner's prior conviction for auto theft. The Court of Criminal Appeals stated that the claim was procedurally barred:

> Although the issue of ineffective assistance was raised in the appellant's motion for new trial, this particular claim was not a ground of that motion. "The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." *Ex parte Frith*, 526 So. 2d 880, 882 (Ala. 1987).

*Marshall v. State*, 629 So. 2d 766, 767 (Ala. Crim. App. 1993). The court then rejected the claim on the merits.

In the Rule 32 petition, the petitioner asserted that his

7

trial and appellate counsel were ineffective premised on numerous grounds.[1] The Court of Criminal Appeals affirmed the dismissal

---

[1] The petitioner's claims included:

1. Counsel failed to object, investigate, cross-examine, or try to impeach false, contrary, and erroneous testimony;

2. Counsel failed to object, investigate, or move to suppress the coerced statements that were offered at trial;

3. Counsel failed to investigate the illegal search and seizure of his property and to investigate the chain of custody concerning the evidence taken;

4. Counsel failed to investigate the facts and circumstances surrounding his arrest;

5. Counsel failed to investigate the claim concerning his right against self-incrimination at trial;

6. Counsel failed to attack on appeal the prosecution's withholding of favorable evidence, including agreements with co-conspirators and co-defendants;

7. Counsel failed to challenge the sufficiency of the evidence on double jeopardy grounds;

8. Counsel failed to challenge the endorsement on the indictment;

9. Counsel failed to object to the inflammatory remarks of the prosecutor;

10. Counsel were acting under a conflict of interest;

11. Counsel failed to object to the jury selection process;

12. Counsel failed to insist that various motions, concerning his mental competency, be resolved by the trial court; and,

13. Counsel generally failed to investigate his case.

(Doc. 21, pp. 6-7; Doc. 5, Ex. D, pp. 33-36).

8

of the Rule 32 petition. The Court found that the petitioner's claims were procedurally barred. The ineffective assistance of trial counsel claims were barred because he had new counsel appointed after sentencing, and thus he was able to raise the claim of effective assistance of trial counsel in a motion for new trial. *Marshall*, 629 So. 2d at 767. (Doc. 6, Ex. G, p. 2). The ineffective assistance of appellate counsel claim was also barred due to a lack of specificity. *Ala. R. Crim. P.* 32.6(b).[2] The court stated, "Where the deficiencies in performance that are alleged in the petition actually do concern matters handled by appellate counsel, the appellant fails to disclose any specific factual basis for his allegations, and instead relies on mere conclusory statements that his appellate counsel was ineffective." (Doc. 6, Ex. G, p. 2).

In light of the foregoing, the pertinent issue for this court is not whether *Jackson* was "firmly established and

---

[2] Rule 32.6(b) provides:

> (b) Specificity. The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disolosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

*Ala. R. Crim. P.* 32.6(b).

regularly followed" but whether the petitioner failed to support his ineffective assistance of counsel claims with an adequate foundation in the state court proceedings. After reviewing the record, this court agrees with the conclusion of the Alabama Court of Criminal Appeals that the petitioner did not adequately "specify [a] factual basis for his allegations, and instead relies on mere conclusory statements. . . ." (Doc. 6, Ex. G., p. 2). The petitioner similarly fails to properly support his present habeas corpus claims of ineffective assistance of counsel with specific facts. By way of example only, in his first claim, concerning counsel's purported failure to investigate the facts and law, he states that specific witnesses testified falsely. What he fails to allege is (1) what was false about the testimony, (2) what the specific facts showing the falsity are, (3) that there is more to the assertion than the petitioner's conclusory claim, and (4) what constitutes actual prejudice. In the same claim, he also states that counsel did not adequately discuss the case with him. He does not support his assertion with any specific facts showing what potential witnesses were not contacted or what defenses were lost. Further, he does not identify any actual prejudice. At one point in the same claim, the petitioner asserts in a conclusory manner that counsel failed

10

to follow up on issues concerning his mental condition. The record shows otherwise. Counsel filed a motion for a mental examination of the petitioner. (Doc. 6, Ex. A, pp. 11-12). The examination was ordered and it was conducted by a certified forensic examiner who concluded that the petitioner was "<u>able to understand the charges against him, the proceedings of a trial and to assist his attorney in his own defense. He appears to be fully able to work with his attorney and to interact with the court as required</u>." (*Id.*, p. 39)(emphasis in original). The examiner also stated, "<u>The [petitioner's] Mental State at the Time of the Alleged Offense is felt to be without significant psychologic/psychiatric disorder or mental illness</u>." (*Id.*)(emphasis in original).

Again, by way of example, in the petitioner's sixth claim, that counsel was ineffective in failing to object to the admission of photographs and other prejudicial and inflammatory evidence, he does not specify what photograph or photographs were due to be excluded or what other evidence was improperly admitted. He fails to allege actual prejudice. Lastly, concerning the seventh allegation, ineffective assistance of appellate counsel, the petitioner claims that counsel was

11

ineffective for failing "to preserve and raise on direct appeal the aforementioned claims of ineffective assistance of trial counsel." (Doc. 1, p. 14). He offers no additional facts or statements supporting a claim of prejudice.

The lack of specific facts defeats the petitioner's attempt to overcome the procedural bars to review of his ineffective assistance of counsel claims. As noted by the magistrate judge, the petitioner can no longer present his ineffective assistance of counsel claims in state court for two reasons. First, another Rule 32 petition would be barred by the two year statute of limitations. *Ala. R. Crim. P.* 32.2(c). Additionally, it would be barred as a successive petition. *Ala. R. Crim. P.* 32.2(b). Accordingly, because the present claims are barred from presentation in the state courts and because the petitioner has not demonstrated either cause and prejudice for the default or manifest injustice, the ineffective assistance of counsel claims are precluded from review by this court.

### B. Motion to Suppress

The petitioner's challenge to the magistrate's determination that the use of his confession at trial was "not contrary to nor an unreasonable application of clearly established federal law" is without merit. As noted by the magistrate judge, the state

12

court conducted a proper inquiry into the validity of the petitioner's statement and determined that it was admissible. That conclusion clearly comports with applicable federal law. The court adopts the findings of the magistrate judge on pages 16 and 17 of the "Report and Recommendation" and specifically finds that the statements were knowingly, intelligently, and voluntarily made.

### C. Sufficiency of the Evidence

The petitioner objects to the magistrate judge's finding that the evidence was sufficient to establish that the murder occurred during a kidnaping. In *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), the Court held that when reviewing claims such as the present one, the issue is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*, 443 U.S. at 319. The petitioner is entitled to relief only if it is shown that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324.

After a review of the trial record submitted by the respondents under the standard outlined in *Jackson*, this court

13

concludes that this claim is without merit. Specifically, the court adopts the finding of the magistrate judge, which provides:

> Under the standard in *Jackson*, this court, like the Alabama Court of Criminal Appeals, has limited review authority. Under that authority, this court cannot conclude that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. To the contrary, as outlined by the Court of Criminal Appeals, the evidence clearly demonstrates that a reasonable jury could find that the petitioner used deception, that is, the offer to drive the victim to Huntsville, to lure him from the residence in Birmingham to the isolated location where he was killed. A reasonable, rational jury could have discerned the petitioner's criminal intentions. The evidence shows: (1) the petitioner believed Langham was a "snitch;" (2) the petitioner told Langham that he should kill him and then went in a back room of the residence to talk with Goodwin; (3) immediately thereafter they left, headed to Huntsville; and, (4) shortly thereafter, they ended up in a rural area where Langham was executed by being shot approximately eight times. There is no requirement in the statute that a kidnaping victim be taken to a place of confinement by force. *See T.R.D. v. State*, 673 So. 2d 838, 841 (Ala. Cr. App. 1995)("[N]owhere in the kidnaping statute is there a requirement that a kidnaping victim be taken to a place of confinement by force. As this court has previously held, the victim may voluntarily enter the place [such as a car] where she is later restrained against her will, and the crime still constitutes kidnaping."). As noted by the Court of Criminal Appeals in this case, the issue is the defendant's intent. *Marshall*, 629 So. 2d at 770. *See also T.R.D.*, 673 So. 2d at 841-42. The jury's determination of the petitioner's intent is clear and supported by the record and the law. Accordingly, this claim does not warrant relief.

(Doc. 21, pp. 21-22).

14

## II. CONCLUSION

The court has considered the entire file in this action, particularly the "Magistrate Judge's Report and Recommendation" and the petitioner's objections, and has reached an independent conclusion that the present petition is due to be denied with prejudice. In so finding, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court as specified herein. Accordingly, in accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed with prejudice. An appropriate order will be entered.

DONE, this 28th day of December, 1999.

_____
UNITED STATES DISTRICT JUDGE